FILED
DECEMBER 26, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISON

HRFC Corporation d/b/a )
Meridian Real Estate Services )
)
Plaintiff, )   Case No.: _____ 07 C 7236
)
vs. )
)                    JUDGE ASPEN
)           MAGISTRATE JUDGE COLE
Meridian Capital Group, LLC )
)
Defendant. )
)
)

## COMPLAINT

For its causes of action against Defendant, Plaintiff, HRFC Corporation d/b/a Meridian Real Estate Services ("MRE"), alleges as follows:

### Introduction

1. This is an action for injunction, damages and other appropriate relief arising out of Defendant's violations of the Lanham Act, 15 U.S.C. §§ 1114(a), 1117(c), 1125(a) and 1125(c), as well as Defendant's common law trademark infringement, acts of deception, unfair competition and conversion.

2. MRE, as owner of the federally registered MERIDIAN REAL ESTATE SERVICES® and MERIDIAN REAL ESTATE DESIGN® service marks (together, and as further defined below, the "MRE Service Marks") seeks relief, including relief to enjoin Defendant's wrongful use of the MRE Service Marks in commerce.

**Parties, Jurisdiction, and Venue**

3. This Court has subject-matter jurisdiction of this action pursuant to 15 U.S.C. § 1121(a) (federal Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 28 U.S.C. § 1338 (trademarks and unfair competition), and has supplemental jurisdiction of MRE's state law and common law claims pursuant to 28 U.S.C. § 1367.

4. MRE is a corporation organized and existing under the laws of the state of Indiana, with its principal place of business in Indianapolis, Indiana.

5. Defendant Meridian Capital Group, LLC ("Defendant") is a Delaware corporation and does business under the trade name Meridian Capital Group.

6. Upon information and belief, Defendant's principal place of business is in New York, New York, and Defendant has offices located in New Jersey, Maryland, Illinois, Pennsylvania, California, Florida and Texas.

7. This Court has personal jurisdiction over the Defendant.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district and because a substantial part of the events giving rise to MRE's claims occurred in this district.

**Factual Allegations**

9. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

10. MRE is engaged in the primary business of real estate brokerage services throughout the United States of America.

11. MRE is the owner of the following service marks (the "MRE Service Marks"), which are each registered with the United States Patent and Trademark Office:

(a)     Federal Trademark Registration Number 2677891 for the mark MERIDIAN REAL ESTATE SERVICES, which was filed on April 23, 2002, issued on January 21, 2003 and is registered in connection with *real estate brokerage services*.

(b)     Federal Trademark Registration Number 2824879 for the MERIDIAN REAL ESTATE DESIGN (pictured below), which was filed on June 9, 2003, issued on March 23, 2004 and is also registered in connection with *real estate brokerage services*.



12. MRE has extensively used and promoted the MRE Service Marks at considerable expense and has acquired significant goodwill and public recognition of same.

13. The MRE Service Marks have been used in commerce for more than 14 years and are immediately recognizable by consumers.

14. The MRE Service Marks are well known in the national real estate community and, as a result of extensive sales and advertising, have come to mean, and are identified with MRE only.

15. MRE's use of its MRE Service Marks is the exclusive method by which consumers can distinguish MRE's real estate services from similar or identical services offered or sold by others, including competitors.

16. The MRE Service Marks are distinctive and/or have developed secondary meaning and significance in the minds of the purchasing public.

17. Due to the goodwill and immediate recognition of the MRE Service Marks established by MRE as a result of its extensive sales and advertising of real estate services, the MRE Service Marks have become highly valuable.

18. Upon information and belief, Defendant has adopted the term MERIDIAN CAPITAL GROUP and the MERIDIAN CAPITAL GROUP DESIGN pictured below as service marks to advertise real estate related services, specifically, *mortgage brokerage services*.



19. Upon information and belief, Defendant has recently attempted to register the above pictured design, in connection with *mortgage brokerage services*, via its Federal Application Serial No. 78657200.

20. Upon information and belief, Federal Application Serial No. 78657200 was rejected, due to the prior registration of the MRE Service Marks.

21. As a result, Defendant filed Petitions to Cancel with the United States Trademark Trial and Appeal Board, seeking cancellation of both federally registered MRE Service Marks.

22. However, upon information received through the TTAB discovery process and a private investigation firm, MRE has learned that Defendant's use of the term MERIDIAN CAPITAL GROUP (prior to MRE's pivotal first registration date of January 21, 2003) was limited to only two, not-yet-fully-defined, market areas within the states of New York and New Jersey only.

23. Defendant does not posses a federal registration for the term MERIDIAN CAPITAL GROUP or the MERIDIAN CAPITAL GROUP DESIGN.

24. Upon information and belief, Defendant does not posses a federal registration for any trademark including the term MERIDIAN (singularly or in combination with any other words, letters or symbols).

25. Upon information and belief, Defendant does not posses any trademark registrations in any state.

4

26. Accordingly, upon information and belief, any rights Defendant may have in the term MERIDIAN CAPITAL GROUP are necessarily limited to common law rights.

27. Because the MRE Service Marks each became registered, Defendant's common law rights were "frozen" or "fixed" to the geographic market area that Defendant had sufficiently penetrated as of MRE's first registration date of January 21, 2003 (hereinafter, this geographic market area is referred to as "Defendant's Frozen Market Area" or "Frozen Market Area").

28. Therefore, all uses of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN outside Defendant's Frozen Market Area are infringements of MRE's rights.

29. Defendant's unauthorized use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN in territories outside Defendant's Frozen Market Area is a deliberate effort to trade on MRE's intellectual property rights.

30. Defendant's unauthorized use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN outside Defendant's Frozen Market Area infringes MRE's trademark rights.

31. Defendant has not received any form of permission to use the term MERIDIAN or the MERIDIAN CAPITAL GROUP DESIGN, or anything similar, outside Defendant's Frozen Market Area from MRE or anyone acting on MRE's behalf.

32. Upon information and belief, Defendant willfully and intentionally engaged in the foregoing business with the knowledge that the MRE Service Marks were owned by and registered to MRE.

33. Upon information and belief, Defendant willfully and intentionally engaged in the foregoing business with the knowledge that the use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN outside its Frozen Market Area was wholly unauthorized.

34. Defendant's conduct of advertising and offering services bearing the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN without permission, outside its Frozen Market Area, was (and is) a deliberate attempt to trade on the valuable trademark rights and substantial goodwill established by MRE.

35. Defendant has traded on and profited from the goodwill and reputation established by MRE.

<b>Count I: Trademark Infringement</b>

36. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

37. Defendant's conduct as described herein violates 15 U.S.C. § 1114(1), which specifically forbids Defendant to:

    a.    use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which use is likely to cause confusion, or to cause mistake, or to deceive, or

    b.    reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

38. The mark used by Defendant outside its Frozen Market Area is identical or nearly identical and confusingly similar to, and a colorable imitation of, the MRE Service Marks, and infringes MRE's trademark rights and interests in its marks.

39. Defendant's use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN, or any term confusingly similar to the MRE Service Marks, outside Defendant's Frozen Market Area is likely to cause confusion and mistake and to deceive the public as to the approval,

sponsorship, license, source or origin of Defendant's services.

40. Upon information and belief, these wrongful acts were committed with knowledge that such imitation, as described, was intended to cause confusion, or to cause mistake, or to deceive, and Defendant has profited and been unjustly enriched by sales that Defendant would not otherwise have made but for its unlawful conduct.

41. As a result of Defendant's conduct, MRE has been damaged and is entitled to damages, including but not limited to, Defendant's profits, actual damages, statutory damages, treble damages, corrective advertising damages, costs of litigation, and attorneys' fees.

42. Defendant's willful and deliberate acts described above have caused irreparable injury to MRE's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

**Count II: False Designation of Origin**

43. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

44. Defendant's conduct as described herein violates 15 U.S.C. § 1125(a)(1)(A) which specifically prohibits Defendant from:

> in connection with any goods or services, or any container for goods, us[ing] in commerce any word, term, name, symbol, or device, or any combination thereof, any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which:
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the original, sponsorship, or approval of his or her goods, services of commercial activities by another person . . . .

45. On information and belief, Defendant's acts of false designation of origin and unfair

7

competition have been done willfully and deliberately and Defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

46. MRE has been damaged and/or is likely to be damaged by the wrongful conduct of Defendant.

47. Defendant's violations of 15 U.S.C. § 1125(a) entitle MRE to recover damages, including but not limited to, Defendant's profits, actual damages, treble damages, corrective advertising damages, litigation costs, and attorneys' fees.

**Count III: Unfair Competition**

48. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

49. Defendant's unlawful and unauthorized use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN outside its Frozen Market Area constitutes unfair competition with MRE. Defendant's conduct was, and continues to be, likely to cause confusion in the public mind as to the source and origin of its services. Defendant's conduct was, and continues to be, calculated to cause damage to MRE in its lawful business and done with the unlawful purpose of causing such damage without right or justifiable cause.

50. Defendant's conduct as described herein has directly and proximately caused MRE to incur substantial monetary damages.

51. Defendant acted willfully and maliciously and with full knowledge of the adverse effect of this wrongful conduct upon MRE and with conscious disregard for the rights of MRE.

52. Defendant's unfair competition entitles MRE to recover damages including, but not limited to, Defendant's profits, actual damages, corrective advertising damages, costs of suit, and

attorneys' fees.

### Count IV: Conversion

53. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

54. The MRE Service Marks are the property of MRE.

55. Defendant has knowingly and intentionally misappropriated and/or exerted dominion or control over the MRE Service Marks, or colorable imitation thereof, by using the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN outside its Frozen Market Area in violation of MRE's rights.

56. Defendant acted willfully and maliciously and with full knowledge of the adverse effect of this wrongful conduct upon MRE and with conscious disregard for MRE's rights.

57. Defendant's unlawful conversion entitles MRE to recover damages including, but not limited to, Defendant's profits, actual damages, corrective advertising damages, punitive damages, costs of suit, and attorneys' fees.

### Count V: Declaratory Judgment

58. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

59. An actual controversy has arisen and now exists between MRE and Defendant regarding Defendant's unauthorized, unlicensed use of the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN in connection with real estate related services in areas outside its Frozen Market Area.

60. The dispute between the parties includes, but is not limited to, whether Defendant has violated §§ 1114(1), 1125(a) and 1125(c) of Title 15 of the United States Code or has otherwise

engaged in unfair competition.

61. There is also an actual and justiciable controversy between the parties regarding their respective rights to federally register trademarks or service marks containing the term MERIDIAN.

62. MRE desires a judicial determination of its rights along with a determination of Defendant's right to use the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN in connection with real estate related services in areas outside Defendant's Frozen Market Area, and such a determination is necessary and appropriate at this time.

63. This Court may, under 15 U.S.C. § 1119, determine the rights of the parties to federally register their respective marks.

64. MRE therefore seeks a declaration that it is entitled to retain federal registration of its MRE Service Marks, and the scope of such rights should extend throughout the United States, except for Defendant's Frozen Market Area, which can be proven by Defendant.

**Count VI: Trademark Dilution**

65. MRE incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

66. Defendant willfully and in bad faith intended to profit from the MRE Service Marks by trading on the reputation of MRE in areas outside Defendant's Frozen Market Area and is causing, or is likely to cause, dilution of the distinctive quality of the MRE Service Marks.

67. Defendant's violation of 15 U.S.C. § 1125(c) has caused MRE damages, including but not limited to, Defendant's profits, actual damages, treble damages, costs of suit and attorney's fees.

**Count VII: Permanent Injunctive Relief**

68. MRE incorporates by reference the allegations contained in all previous paragraphs

of this Complaint.

69. As a result of Defendant's violation of the Lanham Act, Defendant's unfair competition, and other causes of action stated herein, MRE has suffered and will continue to suffer irreparable harm to its business and business reputation, and dilution of its MRE Service Marks.

70. If Defendant is not permanently enjoined from using the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN in connection with real estate related services in areas outside Defendant's Frozen Market Area, MRE will continue to suffer irreparable harm.

71. MRE is entitled to a permanent injunction, prohibiting Defendant from utilizing the term MERIDIAN and the MERIDIAN CAPITAL GROUP DESIGN in connection with real estate related services in areas outside Defendant's Frozen Market Area, and other fair and equitable relief.

**Request for Relief**

**WHEREFORE**, MRE seeks the following relief:

A.   A declaration that Defendant has:

(i)   Violated 15 U.S.C. § 1114 and other statutory and common law authority by infringing upon the MRE Service Marks; and

(ii)   Violated 15 U.S.C. § 1125(a) and other statutory and common law authority by falsely designating the origin of services or engaging in false or misleading descriptions or representations of fact with respect to the origin of services in a manner likely to cause confusion, mistake or deception among consumers as to the affiliation, connection or association of Defendant and Defendant's services with MRE; and

   (iii) Violated 15 U.S.C. § 1125(c) and other statutory and common law authority by willfully and in bad faith intending to profit from the MRE Service Marks by trading on the reputation of MRE and also caused dilution of the distinctive quality of the MRE Service Marks; and

   (iv) Engaged in unfair competition by causing confusion in the minds of consumers and the general public as to the source and sponsorship of services offered by Defendant; and

   (v) Exercised unlawful use of the MRE Service Marks without the permission of MRE.

   (vi) Engaged in the unlawful conversion of MRE's property without MRE's consent.

B. A permanent injunction providing that, pursuant to 15 U.S.C. § 1116, Defendant and its owners, partners, officers, directors, agents, servants, employees, representatives, licensees, subsidiaries, manufacturers and distributors, jointly and severally, be enjoined throughout the world during the pendency of this action, and permanently thereafter from:

  (i) Infringing on the MRE Service Marks in any manner; and

  (ii) Advertising any service using the term MERIDIAN (singularly or in combination with any other words, letters or symbols), or any copies or counterfeits thereof or anything confusingly similar thereto; and

  (iii) Otherwise infringing on the MRE Service Marks; and

  (iv) Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that Defendant's services are endorsed by MRE, sponsored by MRE, or connected in any way with MRE; and

12

    (v)  Using the MRE Service Marks or the term MERIDIAN (singularly or in combination with any other words, letters or symbols), in any manner whatsoever; and

    (vi)  Holding itself out as a licensee or otherwise authorized user of the MRE Service Marks; and

    (vii)  Using the MRE Service Marks or the term MERIDIAN (singularly or in combination with any other words, letters or symbols), in promotional literature or materials, including those posted on the Internet.

  C.  That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver to the Court, or to some other person that the Court may designate, for ultimate destruction, any and all articles of advertising, signage or other items in the possession or control of Defendant which might, if used in commerce, violate the injunction granted herein;

  D.  That, pursuant to 15 U.S.C. § 1117, MRE be awarded such damages available under the Lanham Act, including but not limited to, actual damages, statutory damages, Defendant's profits, treble damages, costs of suit and attorneys' fees;

  E.  That MRE be awarded its corrective advertising damages and all other damages arising from the unlawful and unauthorized advertisements and publications;

  F.  That MRE be awarded such other damages, including but not limited to, punitive damages, to which MRE may show itself entitled to recover;

  G.  All other just and proper relief.

                          Respectfully submitted,

                          /s/ Clay A. Tillack
                          Clay A. Tillack
                          Amy M. Rubenstein
                          SCHIFF HARDIN LLP
                          6600 Sears Tower
                          233 South Wacker Drive
                          Chicago, IL 60606-6473
                          Tel: 312/258-5500
                          Fax: 312/258-5600

Of Counsel (not yet admitted in Illinois, *pro hac vice* applications anticipated):

Gayle A. Reindl
Trent J. Sandifur
Amy L. Wright
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel: 317/713-3500
Fax: 317/713-3699