**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HRFC Corporation d/b/a Meridian Real Estate Services, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:07-cv-07236 |
| vs. | ) ) | Honorable Marvin E. Aspen |
| Meridian Capital Group, LLC, | ) ) ) | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendant. | ) ) ) | |

Defendant Meridian Capital Group, LLC ("MCG") by its undersigned attorneys, for its Answer to the Complaint of plaintiff HRFC Corporation d/b/a Meridian Real Estate Services ("MRE"), alleges as follows:

## ANSWER

1. Admits only that MRC purports to bring an action for injunction, damages and other relief arising out of alleged violations of the Lanham Act and the common law, and denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Admits only that MRE seeks the stated relief, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint.

3. Denies the allegations set forth in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Admits the allegations set forth in paragraph 5 of the Complaint.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Admits the allegations set forth in paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, admits only Defendant resides in this district, and denies the remaining allegations set forth in said paragraph.

9. In response to paragraph 9 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Admits only that the records of the United States Patent and Trademark Office identify MRE as an assignee of the cited registrations, and reflect the stated registration numbers, filing dates, issuance dates and description of services, and deny the remaining allegations set forth in paragraph 11 of the Complaint and its subparts.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Admits only that it has adopted the term MERIDIAN CAPITAL GROUP and the pictured MERIDIAN CAPITAL GROUP DESIGN in connection with mortgage brokerage services, and denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Admits the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Admits only that it filed Petitions to Cancel with the United States Patent and Trademark Office Trademark Trial and Appeal Board seeking cancellation of the MRE Service Marks, and denies the remaining allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Admits the allegations set forth in paragraph 23 of the Complaint.

24. Admits the allegations set forth in paragraph 24 of the Complaint.

25. Admits the allegations set forth in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, states that the allegations set forth therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, denies said allegations.

27. In response to paragraph 27 of the Complaint, states that the allegations set forth therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, denies said allegations.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Admits the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

37. Denies the allegations set forth in paragraph 37 of the Complaint.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

44. Denies the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. In response to paragraph 48 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Denies the allegations set forth in paragraph 56 of the Complaint.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

59. Admits there is an actual controversy between the parties regarding their respective rights in MERIDIAN formative marks, and denies the remaining allegations set forth in paragraph 59 of the Complaint.

60. Admits the allegations set forth in paragraph 60 of the Complaint.

61. Admits the allegations set forth in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, states that the allegations set forth therein are legal conclusions as to which no response is necessary and, to the extent a response is deemed necessary, denies said allegations.

64. Admits only that MRE seeks a declaration of its rights, and denies the remaining allegations set forth in paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

68. In response to paragraph 68 of the Complaint, incorporates by reference its responses to the allegations of the Complaint set forth in all previous paragraphs of this Answer.

69. Denies the allegations set forth in paragraph 69 of the Complaint.

70. Denies the allegations set forth in paragraph 70 of the Complaint.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As between the parties, MCG has prior rights in its MERIDIAN CAPITAL GROUP mark and its related trade names and service marks.

### SECOND AFFIRMATIVE DEFENSE

Trademark Registration No. 2,824,879 is invalid because it fails to satisfy the conditions and requirements specified in Title 15 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE

Trademark Registration No. 2,677,891 is invalid because it fails to satisfy the conditions and requirements specified in Title 15 of the United States Code.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to the doctrines of laches and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred in whole or in part due to the good faith of MCG, including without limitation, its innocent intent.

WHEREFORE, Defendant MCG hereby demands that the Complaint against it be dismissed, that Defendant be awarded the costs and expenses of this litigation, including attorneys' fees, and that such other relief be granted as the Court deems just and proper.

SIDLEY AUSTIN LLP

BY:   /s/ Kathleen M. McNamara
          One of its Attorneys

Adrienne B. Pitts
Kathleen M. McNamara
One South Dearborn Street
Chicago, IL.  60603
(312) 853-7000

Attorneys for Defendant
Meridian Capital Group, LLC

Of Counsel

Frederick L. Whitmer
Nancy J. Mertzel
THELEN REID BROWN RAYSMAN &
  STEINER LLP
875 Third Avenue
New York, New York 10022
(212) 603-2000

## CERTIFICATE OF SERVICE

      I, Kathleen M. McNamara, an attorney, hereby certify that I have filed the foregoing with the Clerk of the Court using the ECF system on this 3rd day of April, 2008.  Notice of Electronic Case Filing has been sent automatically to the following registered parties, which constitutes service of same:

Clay A. Tillack
Amy Michelle Rubenstein
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL  60606

                                                            /s/ Kathleen M. McNamara
                                                              Kathleen M. McNamara